# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ISAAC LEWIS, | Case No.: 2:21-cv-00580-RFB-NJK |
| Petitioner | **Order Granting Motion for Appointment of Counsel, Granting Motion to Reopen Case, and Setting Briefing Schedule** |
| v. | |
| JOHNSON, et al, | (ECF Nos. 6,7) |
| Respondents. | |

Isaac Lewis asks the court to grant his motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to reopen his 28 U.S.C. § 2254 habeas action. ECF No. 6. Respondents oppose the motion, and Lewis replied. ECF Nos. 14, 19. As discussed below, the motion is granted. The Court also grants his motion for counsel, directs that he file an application to proceed in forma pauperis or pay the filing fee, and sets a briefing schedule.

   I.   **Motion for Appointment of Counsel**

As a preliminary matter, the Federal Public Defender ("FPD") has asked the court to be appointed as counsel for Lewis. (ECF No. 7. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. Luna v. Kernan, 784 F.3d 640, 642 (9th Cir. 2015) (citing Lawrence v. Florida, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue habeas relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint

counsel is generally discretionary. Id. § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice so require"). As explained below, the FPD was appointed counsel in a subsequent federal habeas action Lewis filed in 2022. The FPD informs the Court that respondents may have a timeliness defense in the 2022 action, and the FPD views this 2021 case as the better vehicle for litigating Lewis's claims. The court grants the motion for appointment of counsel.

## II.     Rule 60(b)(6) Motion to Reopen the Case

### a. Background

In April 2021, this Court dismissed Lewis's pro se 28 U.S.C. § 2254 petition for writ of habeas corpus without prejudice as improperly commenced. ECF No. 3; 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2. Lewis had submitted a petition but had failed to submit an application to proceed in forma pauperis or pay the filing fee. The court expressly dismissed the action without prejudice to Lewis filing a new federal habeas petition, in a new case with a new number and a new, completed application to proceed in forma pauperis with the required financial information or the $5.00 filing fee. ECF No. 3. Pursuant to the order, the Clerk of Court sent Lewis a copy of this Court's form 28 U.S.C. § 2254 petition, an application to proceed in forma pauperis with instructions, and a copy of the petition he submitted. ECF Nos. 3-1, 3-2, 3-3. The case was closed, and judgment was entered. See ECF No. 5.

Lewis's timely state postconviction proceedings had concluded on February 16, 2021. Thus, when this court dismissed the federal petition without prejudice on April 27, 2021, Lewis had almost 10 months remaining of the one-year federal statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Instead of filing a new federal

habeas petition, Lewis returned to state court and filed a second state postconviction petition on May 24, 2021. ECF No. 13-1, Exh. 1.

Lewis took no further action in this court until he dispatched a second federal habeas petition for mailing on May 15, 2022. See Case no. 2:22-cv-00802-ART-NJK. In that case the court granted his motion for counsel and appointed the FPD. See id. at ECF No. 3. The FPD entered a notice of appearance in July 2022, and filed a motion to stay the case in October 2022. Id. at ECF Nos. 5, 7. The FPD explained that it contemporaneously filed a motion to reopen this 2021 case under FRCP 60(b)(6) because in counsel's view the 2021 petition was the appropriate vehicle to litigate Lewis's substantive claims for relief. Respondents filed a non-opposition to the motion to stay the 2022 case. 2:22-cv-00802 at ECF No. 8. The court granted the motion to stay the 2022 case pending the outcome of this Rule 60(b) motion. Id. at ECF No. 9.

### b.  Legal Standard under FRCP Rule 60(b) & Analysis

Rule 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." FRCP 60(b)(6). A motion under subsections (b)(4)-(6) must be brought "within a reasonable time." FRCP 60(c)(1). To seek relief under Rule 60(b)(6), a moving party must show "extraordinary circumstances justifying the reopening of a final judgment." Jones v. Ryan, 733 F.3d 825, 833 (9th Cir. 2013), quoting Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). Such circumstances "rarely occur in the habeas context." Id.

Lewis argues that this Court improperly dismissed his petition without first giving him an opportunity to pay the filing fee or submit an application to proceed in forma pauperis. ECF No. 6 at 13. He argues that courts must generally give habeas petitioners notice and an opportunity to be heard before sua sponte dismissing a petition for procedural reasons. Id., citing Day v.

1 McDonough, 547 U.S. 198, 210 (2006); Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998). He also points out that pro se filings are generally held to a less stringent standard. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Respondents oppose the motion, arguing that Lewis has demonstrated neither extraordinary circumstances nor that he brought his motion within a reasonable time. ECF No. 14. First, they contend that dismissing the petition without prejudice as improperly commenced is not extraordinary. They point to this Court's inherent authority to control its docket. See Thompson v. Housing Authority of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). Second, they argue that Lewis did not file his motion to reopen this case within a reasonable time when he filed it 18 months after the court dismissed his petition without prejudice. They assert that Lewis cannot show he was diligently pursuing his rights by returning to state court and filing a procedurally barred second state habeas petition.

Lewis's reliance on Day and Boyd is misplaced. Those cases explained that when raising sua sponte a limitations or procedural default defense district courts must give the parties notice and an opportunity to respond before dismissal. Day, 547 U.S. at 210; Boyd, 147 F.3d at 1128. But here the Court simply dismissed the petition without prejudice as improperly commenced. It appears that ample time remained to timely file a new action, and the Court explicitly informed petitioner how to correctly file a new petition.

This Court did not err, and in fact acted well within its authority to manage its docket in dismissing the action as improperly commenced. However, "Rule 60(b)(6) is a grand reservoir of equitable power, and it affords courts the discretion and power to vacate judgments whenever such action is appropriate to accomplish justice." Phelps v. Alameida, 569 F.3d 1120, 1135 (9th

Cir. 2009). The court concludes that on the narrow, specific facts and circumstances presented by this case, justice is best served by granting Lewis's 60(b) motion.

A Las Vegas jury convicted Lewis of several counts of armed robbery and attempted murder in connection with four different robberies in 2015. See ECF No. 6. Lewis was 23 years old at the time of the offenses. The state district court adjudicated him a habitual criminal and sentenced him to life in prison without the possibility of parole, along with additional consecutive sentences. He timely pursued state postconviction litigation; the Nevada Supreme Court affirmed his convictions, and the Nevada Court of Appeals affirmed the denial of his state postconviction habeas corpus petition. He timely filed this federal petition. See ECF No. 4 at 1. He alleges numerous claims of ineffective assistance of trial counsel, including failure to adequately investigate and prepare for trial, to pursue his alibi, and to object to prosecutorial misconduct. Lewis also asserts that the state district court denied continuances sought by the defense even though defense counsel informed the court that he was unprepared for trial. A denial of the motion to reopen might preclude federal review of the merits of his claims.[1] The Federal Rules of Civil Procedure reflect a "strong policy . . . favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). The court will therefore grant the motion to reopen Lewis's case.

### III. Conclusion

**IT IS THEREFORE ORDERED** that petitioner's motion to reopen case (ECF No. 6) is **GRANTED** as set forth in this order.

**IT IS FURTHER ORDERED** that the Clerk of Court **REOPEN** the file in this case.

---

[1] Of course granting the motion to reopen does not guarantee that the court will reach the merits of Lewis' claims.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that within **30 days** of the date of this order petitioner submit a fully completed application to proceed in forma pauperis or pay the $5.00 filing fee.

**IT IS FURTHER ORDERED** that petitioner has **90 days** from the date of this order to file and serve on respondents an amended petition for writ of habeas corpus, if any.

**IT IS FURTHER ORDERED** that respondents have **45 days** after service of an amended petition within which to answer, or otherwise respond to, the amended petition. If petitioner does not file an amended petition, respondents have 45 days from the date on which the amended petition is due within which to answer, or otherwise respond to, petitioner's original petition. Any response filed should comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

**IT IS FURTHER ORDERED** that any procedural defenses raised by respondents in this case be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents should not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they should do so within the single motion to dismiss not in the answer; and (b) they should specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses,

including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT IS FURTHER ORDERED** that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** that petitioner has **30 days** after service of the answer or responsive pleading to file and serve his response.

**IT IS FURTHER ORDERED** that any additional state court record exhibits filed herein by either petitioner or respondents be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed also must be identified by the number of the exhibit in the attachment. Each exhibit must be filed as a separate attachment.

**IT IS FURTHER ORDERED** that, at this time, the parties send courtesy copies of **any responsive pleading and all INDICES OF EXHIBITS ONLY** to the Reno Division of this court. Courtesy copies are to be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. **No further courtesy copies are required unless and until requested by the court**.

DATED: 30 September 2023.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**