1

2

3

4                    **UNITED STATES DISTRICT COURT**

5                         **DISTRICT OF NEVADA**

6                                  * * *

7   ISAAC LEWIS,                                    Case No. 2:21-cv-00580-RFB-NJK

8                    Petitioner,                              **ORDER**

9            v.

10   CALVIN JOHNSON, *et al.*,

11                    Respondents.

12

13       In Isaac Lewis's 28 U.S.C. § 2254 habeas corpus petition, he challenges several

14   convictions—namely for attempted murder and robbery—by arguing trial court error,

15   prosecutorial misconduct, and ineffective assistance of counsel. See ECF No. 29. Respondents

16   move to dismiss the Petition on the basis that it is untimely. See ECF No. 42. Because the Court

17   concludes that grounds 2 and 4 relate back to claims raised in the original, timely petition, the

18   motion is denied.

19       **I.      BACKGROUND**

20       In April 2017, in the Eighth Judicial District Court of Clark County, a jury convicted Lewis

21   of: conspiracy to commit robbery, burglary, burglary while in possession of a firearm, battery with

22   use of a deadly weapon resulting in substantial bodily harm, attempted murder with use of a deadly

23   weapon, preventing or dissuading a witness from testifying or producing evidence, and three

24   counts of robbery with use of a deadly weapon. See ECF 33-46. Lewis was found guilty of three

25   armed shopliftings and of returning to one of the stores and shooting a witness, who survived. See

26   ECF No. 29 at 2-4. The state district court adjudicated Lewis under the large habitual criminal

27   statute and sentenced him to life in prison without the possibility of parole. See ECF No. 33-47.

28

1  Judgment of conviction was entered on June 23, 2017. See ECF No. 33-49.[1] The Nevada Supreme

2  Court affirmed Lewis's convictions in September 2019, and the Nevada Court of Appeals affirmed

3  the denial of his state post-conviction habeas petition in January 2021. See ECF. Nos. 34-40; 35-

4  18.

5          Lewis commenced this federal habeas petition in February 2021. See ECF No. 1-1. The

6  Federal Public Defender filed an amended petition on Lewis's behalf on July 12, 2024. The petition

7  raises the following grounds:

8
9          Ground 1: The trial court improperly denied continuances, violating
   Lewis's rights under the Fifth, Sixth, and Fourteenth Amendments.

10
        Ground 2: The trial court's denial of continuances violated Lewis's Fifth,
   Sixth, and Fourteenth Amendment rights to self-representation.
11

12         Ground 3: The trial court improperly refused to sever counts in violation of
   Lewis's Fifth, Sixth, and Fourteenth Amendment rights.
13

14         Ground 4: The prosecution did not correct misleading testimony from a
   jailhouse informant in violation of Lewis's Fifth, Sixth, and Fourteenth
15 Amendment rights.

16         Ground 5: Lewis's trial attorney was ineffective in violation of his Fifth,
   Sixth, and Fourteenth Amendment rights.
17

18 ECF No. 29 at 16-30.

19         Respondents now move to dismiss the Petition on the basis that two grounds do not relate

20 back to a timely petition. See ECF No. 42. Lewis opposed, and Respondents replied. See ECF Nos.

21 45, 48.

22     **II.**    **DISCUSSION**

23         The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute

24 of limitations on the filing of federal habeas corpus petitions. See 28 U.S.C. § 2244(d). The one-

25 year limitation period can run from the date on which a petitioner's judgment became final by

26 conclusion of direct review, or the expiration of the time for seeking direct review. See 28 U.S.C.

27 ────────────────

28     [1] An amended judgment of conviction was entered on July 14, 2017, and a second amended judgment of conviction was entered on January 19, 2018, correcting the amount of restitution. See ECF Nos. 33-50; 34-53.

1    § 2244(d)(1)(A).  A properly filed petition for state post-conviction relief can toll the period of

2    limitations. See 28 U.S.C. § 2244(d)(2).

3         A new claim in an amended petition that is filed after the expiration of the AEDPA

4    limitation period will be timely only if the new claim relates back to a claim in a timely-filed

5    pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim

6    arises out of "the same conduct, transaction, or occurrence" as a claim in the timely pleading. See

7    Mayle v. Felix, 545 U.S. 644, 657–59 (2005).

8         In Mayle, the United States Supreme Court held that habeas claims in an amended petition

9    do not arise out of "the same conduct, transaction, or occurrence" as claims in the original petition

10    merely because the claims all challenge the same trial, conviction, or sentence. See id. at 655–64.

11    Rather, under the construction of the rule approved in Mayle, Rule 15(c) permits relation back of

12    habeas claims asserted in an amended petition "only when the claims added by amendment arise

13    from the same core facts as the timely filed claims, and not when the new claims depend upon

14    events separate in 'both time and type' from the originally raised episodes." Id. at 657 (citation

15    omitted). The reviewing court looks to "the existence of a common 'core of operative facts' uniting

16    the original and newly asserted claims." Id. at 659. A claim that merely adds "a new legal theory

17    tied to the same operative facts as those initially alleged" will relate back and be timely. See id. at

18    659 n.5.

19         Here, the parties do not dispute that in order to be timely the claims in Lewis's amended

20    petition must relate back to the timely claims in his original petition. See ECF No. 42 at 7; ECF

21    No. 45 at 4. Respondents assert that grounds 2 and 4 do not relate back to a timely-filed petition.

22    See ECF No. 42 at 7–8.

23        **A.  The Court Finds that Ground 2 Relates Back**

24         Lewis contends that the trial court's denial of continuances violated his Fifth, Sixth, and

25    Fourteenth Amendment rights to self-representation. See ECF No. 29 at 22–23. In his original

26    petition, Lewis argued that the trial court's denial of continuances violated his right to have an

27    adequate opportunity to create his defense. See ECF No. 4 at 25.

28         These claims may rely on slightly different legal theories. But even where a claim

1   "invoke[s] a new legal theory not suggested by the original complaint," so long as the claim relies

2   on the same "occurrence" set out in the timely petition, the claim relates back. See Hebner v.

3   McGrath, 543 F.3d 1133, 1139 (9th Cir. 2008) (citing Mayle, 545 U.S. at 660); see also Mayle,

4   545 U.S. at 649 ("An amendment of a pleading relates back to the date of the original pleading

5   when . . . the [amendment asserts a claim or defense that] arose out of the conduct, transaction, or

6   occurrence set forth or attempted to be set forth in the original pleading.") (citation omitted). Here,

7   the claims rely on the same occurrence: the denial of the continuances. Accordingly, the Court

8   concludes that ground 2 relates back to the timely-filed claim regarding the denial of the

9   continuances and is therefore timely.

10      **B.  The Court Finds that Ground 4 Relates Back**

11          Lewis asserts that the prosecution did not correct misleading testimony from a jailhouse

12   informant in violation of Lewis's Fifth, Sixth, and Fourteenth Amendment rights. See ECF No. 29

13   at 25–27. He states that the informant testified that he did not receive favorable treatment in his

14   own case because of his cooperation in Lewis's case. The informant instead said that he was "over-

15   sentenced," in that he was supposed to get 2 to 6 years but instead was sentenced to 4 to 10 years.

16   Lewis argues that the statement was misleading because the court gave the informant a longer

17   sentence because an additional case for a different offense was brought against the informant prior

18   to his sentencing. Lewis insists that if the jury had known the true circumstances of the informant's

19   sentencing that they would have been less likely to credit his testimony.

20          In his original petition, Lewis alleges that his trial counsel was ineffective for failing to

21   object to the prosecution, thereby not correcting the allegedly misleading testimony of the

22   informant. The original petition sets forth the same allegations about the informant that Lewis

23   describes in the amended claim.

24          Clearly, the claims are different in that one asserts that the prosecutor failed to correct

25   misleading testimony and the other asserts that trial counsel was ineffective for failing to object to

26   the prosecutor's failure to correct misleading testimony. So, ground 4 sets forth a new legal theory.

27   But again, a claim raising a new legal theory not suggested by the original complaint can relate

28   back so long as the claim relies on the same "occurrence" set out in the timely petition. The factual

basis for ground 4 is that the informant's testimony was misleading, and the prosecutor failed to correct it—the same factual basis presented in the original petition. Thus, the claims rely on the same "occurrence." The Court concludes that ground 4 relates back and is thus timely.

The Court accordingly denies the motion to dismiss grounds 2 and 4.

### III.    CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 42) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents have 60 days from the date this Order is entered within which to file an answer to the amended petition.

**IT IS FURTHER ORDERED** that Petitioner has 45 days following service of Respondents' answer in which to file a reply.

**DATED:** September 28, 2025.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**